**NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| KEVIN PERRY, | : | CIV. NO. 23-1064 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STEVIE KNIGHT, | : | |
| Respondent | : | |

**IT APPEARING THAT:**

1. On or about February 24, 2023, Petitioner Kevin Perry, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey at that time ("FCI Fort Dix"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging the Bureau of Prisons ("BOP") denied him home confinement under the CARES Act, upon the erroneous conclusion that he had a history of violence reflected in his presentence report ("PSR"). (Docket No. 1.) Petitioner also filed a motion to expedite resolution of his petition. (Docket No. 2.)

2. On February 28, 2023, this Court granted Petitioner's motion to expedite, insofar as Respondent was ordered to file an answer to the petition within 10 days. (Docket No. 3.) In the meantime, Petitioner filed an amended petition on or about March 2, 2023, although the only amendment was that the petition was signed. (Docket No. 4.)

3. Respondent filed an answer to the amended petition on March 10, 2023. (Docket No. 6.) Among other things, Respondent argued the amended petition should be

dismissed because Petitioner failed to fully exhaust administrative remedies before filing his petition, and that the Court lacks jurisdiction to review BOP decisions under the CARES Act.

4. Petitioner filed a reply brief on or about March 31, 2023. (Docket No. 7.) Petitioner acknowledged that he had not fully exhausted administrative remedies. (*Id.* at 5.) Petitioner filed his habeas petition before completing the administrative remedy process because he calculated that he would not receive a response from the BOP Central Office until May 30, 2023, and by that time, he would have only eight business days to get a decision on his habeas petition before the CARES Act home confinement provision expired. (*Id.* at 6-7.)

5. Petitioner challenges the BOP's denial of his request for home confinement under the CARES act as arbitrary and capricious, asserting that he met all criteria, but for the erroneous conclusion about his history of violence. (*Id.* at 16-18.) Petitioner contends that the violent crimes in his PSR were dismissed after Petitioner withdrew his guilty pleas. (*Id.* at 21-22.)

6. Petitioner sought expedited resolution of his petition, asserting that BOP's authority to release inmates to home confinement under the CARES Act would expire on May 10, 2023. (Docket Nos. 8,11.)

7. By Order dated May 22, 2023, this Court directed Petitioner to show cause why his petition should not be dismissed as moot upon the expiration of BOP's authority to extend the home confinement period for federal prisoners under the CARES Act. (Docket No. 14.)

8. On May 30, 2023, Petitioner filed a response to this Court's Order to Show Cause.

(Docket No. 15.)  Petitioner maintained that his habeas petition should not be dismissed as moot because the BOP should designate him to home confinement under the CARES Act *nunc pro tunc* as of October 2022.

9. President Biden terminated the national emergency related to the COVID-19 pandemic on April 10, 2023.  H.J.Res.7, Public Law No. 118-3 (04/10/2023).  "The BOP's expanded authority to grant home confinement pursuant to the CARES Act only lasted for the "covered emergency period," … which the statute defines as "the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 *et seq.*) with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates[.]" *Cuney v. Spaulding*, No. 1:23-CV-200, 2023 WL 6200803, at *2 (M.D. Pa. Sept. 22, 2023) (quoting Pub. L. No. 116-136, § 12003(a)(2), 134 Stat. 281, 516 (2020)).

10. Upon termination of the CARES Act covered period, the BOP no longer has authority to extend the statutory period for a federal prisoner to serve a portion of his/her sentence in home confinement under 18 U.S.C. § 3624(c)(2).  There is no statutory basis for the BOP to make a *nunc pro tunc* designation under the CARES Act after the end of the covered period.

11. Where habeas relief is no longer available based on changed circumstances, the habeas petition is moot.  *See Newkirk v. Superintendent Huntingdon SCI,* No. 21-1739, 2023 WL 4861767, at *2 (3d Cir. July 31, 2023) (citing *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (internal quotation

marks and citation omitted in *Newkirk*)). Courts should not grant advisory opinions when they are unable to grant effectual relief to the prevailing party. *Id.*

12. The Court will dismiss the petition. An appropriate Order follows.

**DATE:  November 2, 2023**

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge